United States District Court
For the Northern District of California

1

2

3

4

5

6                        UNITED STATES DISTRICT COURT

7                       NORTHERN DISTRICT OF CALIFORNIA

8

9    BARNEY O. LYONS,

10                  Petitioner,                    No. C 06-2860 PJH (PR)

11        vs.                                **ORDER DENYING PETITION FOR
                                             WRIT OF HABEAS CORPUS**
12   TOM CAREY, Warden,

13                  Respondent.
     _____/

14

15        This is a habeas corpus case filed pro se by a state prisoner pursuant to 28 U.S.C.

16   § 2254.  The court ordered respondent to show cause why the writ should not be granted.

17   Respondent has filed an answer and a memorandum of points and authorities, and has

18   lodged exhibits with the court.  Petitioner has filed a traverse.  For the reasons set forth

19   below, the petition is denied.

20                              **BACKGROUND**

21        Petitioner was charged by information with violating section 290(g)(2) of the

22   California Penal Code by willfully failing to inform law enforcement of his new address

23   within five days of changing his residence.  The information also alleged that petitioner had

24   suffered four prior convictions relevant under the Three Strikes law, *see* Cal. Penal Code

25   §§ 667(b)-(l), 1170.12, and that petitioner had served three prior prison terms, *see id.* at

26   §667.5(b).

27   ///

28   ///

**United States District Court**
For the Northern District of California

1    After a number of motions in which petitioner sought to have appointed counsel

2    replaced ("*Marsden* motions"[1]), petitioner pled no contest and admitted the prior conviction

3    and prior prison term allegations.  After several more *Marsden* motions, sentencing was

4    held on November 27, 2001.  On motion by petitioner the court struck three of the four prior

5    convictions.  The trial court then imposed the upper term of three years for the violation of §

6    290(g)(2).  The court doubled this sentence to six years pursuant to the Three Strikes law

7    for the remaining prior conviction.  The trial court also imposed three consecutive one-year

8    enhancements for the three prior prison terms, for a total sentence of nine years.

9    Petitioner filed a timely notice of appeal, and the trial court granted his application for

10   a certificate of probable cause challenging the validity of his plea.  On appeal he raised four

11   issues not pursued here.  In a companion petition for a writ of habeas corpus he raised

12   eight issues not  pursued here.  The California Court of Appeal affirmed the trial court's

13   judgment in an unpublished opinion filed on August 7, 2003, and denied the habeas petition

14   on the same date.  The Supreme Court of California denied review of the court of appeal's

15   decisions affirming the conviction and denying the habeas petition.

16   Since then, petitioner has pursued numerous habeas petitions at various levels of

17   state court.  All have been denied; the petitions relevant to the claims here are discussed

18   below.

19   **STANDARD OF REVIEW**

20   A district court may not grant a petition challenging a state conviction or sentence on

21   the basis of a claim that was reviewed on the merits in state court unless the state court's

22   adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an

23   unreasonable application of, clearly established Federal law, as determined by the

24   Supreme Court of the United States; or (2) resulted in a decision that was based on an

25   unreasonable determination of the facts in light of the evidence presented in the State court

26   _____

27   [1] "So named after *People v. Marsden*, 2 Cal. 3d 118 (1970), it is a motion permitting
a defendant to articulate why he is dissatisfied with his court-appointed counsel and why
28   counsel should be relieved." *McNeely v. Blanas*, 336 F.3d 822, 825 n. 3 (9th Cir. 2003).

United States District Court

For the Northern District of California

proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *Id.* at 409.

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. 322 at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

## DISCUSSION

As grounds for federal habeas relief, petitioner asserts that: (1) his trial counsel was ineffective at sentencing for failing to argue that petitioner was entitled to additional credit for presentence confinement; (2) his appellate counsel was ineffective for failing to argue

United States District Court

For the Northern District of California

1  that the facts did not justify an aggravated sentence and for failing to object to the dual use

2  of a single fact in sentencing, and (3) his trial and appellate counsel were ineffective for

3  failing to object to the judge's imposition of an aggravated sentence based on facts that

4  were not found by a jury.

5  **I.   Procedural Default**

6        Respondent contends that petitioner's claims are procedurally defaulted because his

7  state habeas petitions violated state procedural rules providing that issues must be raised

8  without substantial delay, that issues cannot be raised in a piecemeal manner in

9  successive petitions, and that issues cannot be raised again when they have already been

10  raised in an earlier petition.

11        A federal court will not review a question of federal law decided by a state court if the

12  decision of the state court denying the claim rests on a state law ground that is independent

13  of the federal question and adequate to support the denial of the claim.  *Coleman v.*

14  *Thompson*, 501 U.S. 722, 729-30 (1991).  The procedural default rule is a specific instance

15  of the more general "adequate and independent state grounds" doctrine.  *Wells v. Maass*,

16  38 F.3d 1005, 1008 (9th Cir. 1994).  In cases in which a state prisoner has defaulted his

17  federal claims in state court pursuant to an independent and adequate state procedural

18  rule, federal habeas review of the claims is barred unless the prisoner can demonstrate

19  cause for the default and actual prejudice as a result of the alleged violation of federal law,

20  or demonstrate that failure to consider the claims will result in a fundamental miscarriage of

21  justice.  *Id.* at 750.

22        To be adequate, the state procedural bar cited must be clear, consistently applied,

23  and well-established at the time of a petitioner's purported default.  *Petrocelli v. Angelone*,

24  248 F.3d 877, 885 (9th Cir. 2001); *Maass*, 38 F.3d at 1010.  The state bears the burden of

25  proving the adequacy of a state procedural bar:

26              Once the state has adequately pled the existence of an independent and
              adequate state procedural ground as an affirmative defense, the burden to place
27              that defense in issue shifts to the petitioner.  The petitioner may satisfy this
              burden by asserting specific factual allegations that demonstrate the inadequacy
28              of the state procedure, including citation to authority demonstrating inconsistent

4

United States District Court

For the Northern District of California

application of the rule.  Once having done so, however, the ultimate burden is the state's.

*Bennett v. Mueller*, 322 F.3d 573, 585-86 (9th Cir. 2003).  Where the procedural rule at issue has previously been found to be inadequate as a procedural bar, a petitioner simply needs to contest the adequacy of the rule to meet the burden of proof under *Bennett*.  *King v. LaMarque*, 464 F.3d 963, 966-67 (9th Cir. 2006).  Furthermore, a federal court must look at the actual practice of state courts in enforcing their procedural bars, and not just at the rule as stated in state court decisions.  *Powell v. Lambert*, 357 F.3d 871, 879 (9th Cir. 2004).

Petitioner filed many state habeas petitions – at least fifteen.  Respondent contends that petitioner's first issue, that trial counsel was ineffective in failing to argue for additional presentence credits, is barred by the California Supreme Court's denial in case number S134288.  The denial read:  "Petition for writ of habeas corpus is DENIED.  (*See In re Clark* (1993) 5 Cal. 4th 750.)"  Ex. G2.[2]  The *In re Clark* citation does not have a cite to a specific page, and that case discusses at least three procedural bars, namely the successive presentation of claims presented previously, the improper presentation of claims that could have been raised in a previous petition ("piecemeal presentation"), and untimeliness.  In fact, the court specifically states as to the presentation of new claims in a second petition that the bar on doing so is not the basis of its holding, but rather that Clark's new claims were barred by his unexplained delay in raising them, emphasizing the importance of the timeliness bar to the court's decision.  *Clark*, 5 Cal. 4th at 782.  Because there were several bars discussed in *Clark*, and because the supreme court's denial of petitioner's state habeas petition did not specify a particular page of *Clark*, it is impossible to determine from the citation to *Clark* which bar the court relied upon – piecemeal presentation, successiveness, or untimeliness.

The Ninth Circuit has determined that in the absence of a showing that the timeliness bar in California now is being consistently enforced, it is not a bar to federal

---

[2] Citations to "Ex." are to the exhibits lodged with the court by the respondent.

United States District Court
For the Northern District of California

1  relief.  *King v. LaMarque*, 464 F.3d 963, 966-67 (9th Cir. 2006) (addressing California's

2  timeliness bar, found to be inadequate in *Morales v. Calderon*, 85 F.3d 1387 (9th Cir.

3  1996)).  Here respondent makes no effort to demonstrate that the bar now is consistently

4  enforced, so for purposes of this decision California's timeliness bar is not sufficient to

5  preclude federal relief.  The result is that the citation to *Clark* in S134288 could refer either

6  to an arguably valid state procedural bar – the ban on raising new issues that could have

7  been raised in an earlier petition or successiveness – or to an invalid one – the timeliness

8  bar.  When it is not possible to tell whether a claim was rejected in state court on a valid

9  procedural ground, consideration of that claim in a federal petition is not barred.  *See*

10  *Washington v. Cambra*, 208 F.3d 832, 833-34 (9th Cir. 2000) (state court opinion that

11  summarily denies more than one claim with a citation to more than one state procedural bar

12  is ambiguous, and therefore there is no procedural default if any one of the state procedural

13  bars is not adequate and independent).  Respondent's procedural default argument is

14  rejected as to petitioner's first claim.

15      Petitioner's second claim is that his appellate counsel was ineffective for failing to

16  argue that the facts did not justify an aggravated sentence and for failing to object to the

17  sentencing court's dual use of a single fact.  Respondent contends that this claim was

18  denied as successive in the Superior Court of California, denied without comment or

19  citation by the California Court of Appeal, and was not presented to the California Supreme

20  Court.  Respondent asks that the court "look through" the court of appeal opinion to that of

21  the superior court and hold that the claim is procedurally defaulted.  *See Ylst v.*

22  *Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1306

23  (9th Cir. 1996).

24      Respondent is correct that the court of appeal opinion in case number H029543, in

25  which petitioner did raise this issue, was a denial without comment or citation.  Ex. G9.

26  Attached as an exhibit to the petition in H029543 is a superior court denial in case number

27  CC066573.  *Id.* at petitioner's attached ex. B.  The ruling reads: "For the reasons stated in

28  this Court's previous orders on habeas petitions from BARNEY LYONS the most recent

United States District Court

For the Northern District of California

1   petition is denied.  (See also the California Supreme Court order of June 22, 2005 citing *In*

2   *re Clark* (1993) 5 Cal.4th 750.)"  *Id.*  The superior court petition is not attached, so it is

3   impossible to know what issues petitioner raised, nor is it possible to know what reasons

4   the court was referring to when it said "[f]or the reasons stated in this Court's previous

5   orders . . . ."  And for the reasons discussed above, the citation to *Clark*, even if it were

6   treated as a basis for the superior court's denial, is not sufficient to show a procedural

7   default.  The state bears the burden of proving of a state procedural bar.  *Bennett v.*

8   *Mueller*, 322 F.3d 573, 585-86 (9th Cir. 2003).  The state has not done so as to this issue.

9       Petitioner's third claim is that his trial and appellate counsel were ineffective for

10  failing to object to the judge's imposition of an aggravated sentence in reliance on facts that

11  were not found by a jury, a claim that will be referred to here as an "*Apprendi* claim."

12  Respondent contends that this claim was denied in the California Supreme Court in case

13  number S135670 as untimely and successive.  The denial read:  "Petition for writ of habeas

14  corpus is DENIED.  (See *In re Robbins* (1998) 18 Cal. 4th 770, 780; *In re Clark* (1993) 5

15  Cal. 4th 750; *In re Miller* (1941) 17 Cal. 2d 734.)"  Ex. G3.

16      There were two claims in the supreme court petition, including this federal claim that

17  counsel was ineffective in failing to object on *Apprendi* grounds.  *Id.*  This ruling relies on

18  more than one ground to bar more than one claim, and one of the grounds, *Clark,* is not

19  sufficient.  The supreme court denial thus was not adequate and does not establish that

20  petitioner procedurally defaulted this claim.  *See Washington*, 208 F.3d at 833-34.

21      There was no procedural default as to any claim.

22  **II.    On the Merits**

23      Petitioner contends that his attorneys, trial or appellate or both, were ineffective.

24      **A.    Standard**

25      A claim of ineffective assistance of counsel is cognizable as a claim of denial of the

26  Sixth Amendment right to counsel, which guarantees not only assistance, but effective

27  assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  The

28  benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so

United States District Court

For the Northern District of California

1   undermined the proper functioning of the adversarial process that the trial cannot be relied

2   upon as having produced a just result.  *Id.*

3       First, the defendant must show that counsel's performance was deficient, that is, that

4   counsel's representation fell below an objective standard of reasonableness.  *Id.* at 688.

5   The relevant inquiry is not what defense counsel could have done, but rather whether the

6   choices made by defense counsel were reasonable.  *Babbitt v. Calderon*, 151 F.3d 1170,

7   1173 (9th Cir. 1998).  Judicial scrutiny of counsel's performance must be highly deferential,

8   and a court must indulge a strong presumption that counsel's conduct falls within the wide

9   range of reasonable professional assistance.  *Strickland*, 466 U.S. at 689.

10       Second, the defendant must show that there is a reasonable probability that, but for

11   counsel's unprofessional errors, the result of the proceeding would have been different; a

12   reasonable probability is a probability sufficient to undermine confidence in the outcome.

13   *Id.* at 694.  Where the defendant is challenging his conviction, the appropriate question is

14   "whether there is a reasonable probability that, absent the errors, the factfinder would have

15   had a reasonable doubt respecting guilt."  *Id.* at 695.

16       The *Strickland* prejudice analysis is complete in itself.  Therefore, there is no need

17   for additional harmless error review pursuant to *Brecht v. Abrahamson*, 507 U.S. 619, 637

18   (1993).  *See Avila v. Galaza*, 297 F.3d 911, 918 n.7 (9th Cir.  2002); *Gentry v. Roe*, 320

19   F.3d 891, 902-03 (9th Cir.  2003) (granting habeas petition without applying *Brecht* after

20   finding prejudice under *Strickland*).  It is unnecessary for a federal court considering a

21   habeas ineffective assistance claim to address the prejudice prong of the *Strickland* test if

22   the petitioner cannot even establish the first prong.  *Siripongs v. Calderon*, 133 F.3d 732,

23   737 (9th Cir. 1998).

24       The *Strickland* framework for analyzing ineffective assistance of counsel claims is

25   "clearly established Federal law, as determined by the Supreme Court of the United States"

26   for the purposes of 28 U.S.C.  § 2254(d) analysis.  *Williams v.  Taylor*, 529 U.S.  362, 405-

27   07 (2000).

28   ///

United States District Court

For the Northern District of California

1   Because the supreme court did not reach the merits of petitioner's claims, review is

2   de novo.  *See Pirtle v. Morgan*, 313 F.3d 1160, 1167-68 (9th Cir.  2002) (after concluding

3   that procedural bars invoked by state supreme court did not mean that petitioner had

4   procedurally defaulted federal claims, conducting de novo review because state supreme

5   court never reached merits of the claim).

6   **A.      Presentence Credits**

7   Petitioner contends that his trial counsel was ineffective at sentencing for failing to

8   argue that under California law petitioner was entitled to additional credits for presentence

9   confinement.  This claim is without merit.

10  Several state courts, though not the supreme court, considered this issue.  They

11  concluded that petitioner's presentence credits were properly calculated.  *See* Exs. G1, G5,

12  G6, G7.  This was because petitioner's "parole violation and incarceration were not *solely*

13  for the conduct for which he was convicted and he is therefore not entitled to the additional

14  credits he seeks."  *See, e.g.,* G7 at 9 (ruling on state habeas petition by Santa Clara

15  Superior Court) (emphasis in original).  A state court's interpretation of state law binds a

16  federal court sitting in habeas corpus.  *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Hicks*

17  *v. Feiock*, 485 U.S. 624, 629 (1988).  Accordingly, for the purposes of this petition, the

18  sentencing court's calculation of presentence credits was correct.

19  Failure to make a meritless motion or objection is objectively reasonable.  *See*

20  *Strickland*, 466 U.S. at 488.  Furthermore, because such a motion or objection would have

21  been denied, counsel's failure to make it could not have had any effect on the conviction or

22  sentence.  *See id.* at 694.  Because petitioner has not shown that his trial counsel's failure

23  to request more presentence credits was deficient performance or that he was prejudiced

24  by the absence of such a motion, his Sixth Amendment right to effective assistance of

25  counsel was not violated and he is not entitled to relief on this claim.

26  **B.      Aggravated Sentence and Dual Use of a Single Fact**

27  Petitioner contends that his appellate counsel was ineffective for failing to raise as

28  issues on appeal contentions that the facts did not justify an aggravated sentence and that

9

the sentencing court had made dual use of facts in determining the sentence.

The Due Process Clause of the Fourteenth Amendment guarantees a criminal defendant the effective assistance of counsel on his first appeal as of right. *See Evitts v. Lucey*, 469 U.S. 387, 391-405 (1985). Claims of ineffective assistance of appellate counsel are reviewed according to the standard set out in *Strickland*. *Miller v. Keeney*, 882 F.2d 1428, 1433 (9th Cir. 1989); *United States v. Birtle*, 792 F.2d 846, 847 (9th Cir. 1986). A defendant therefore must show that counsel's advice fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, he would have prevailed on appeal. *Miller*, 882 F.2d at 1434 & n.9 (citing *Strickland*, 466 U.S. at 688, 694; *Birtle*, 792 F.2d at 849).

Under California law, a single factor in aggravation suffices to support an upper term. *People v. Osband*, 13 Cal. 4th 622, 730 (1996). Petitioner does not dispute that he was on parole when he failed to register as a sex offender. A defendant's having been on parole when the crime was committed is a statutory aggravating factor, *see* Cal. Rules of Court, rule 4.421(b)(4), so raising this issue on appeal would have been futile. Counsel's failure to raise it was not deficient performance and did not prejudice petitioner.

"Dual use" of facts in sentencing is generally forbidden under California law. *See* Cal. Penal Code § 1170(b) ("The court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law."). Petitioner asserts that appellate counsel should have contended on appeal that it was a forbidden dual use of the fact of his earlier conviction for the sentencing court to use it both (1) to enhance his sentence and (2) as a reason for imposing the upper term.

Petitioner received a one-year recidivism enhancement for his prior prison term, and the court imposed the upper term of his sentence due to the fact that petitioner was on parole when he committed this offense. It is well established in California law that it is not a prohibited dual use of facts to enhance a sentence for the fact of a prior conviction and to aggravate the sentence because the crime was committed by a parolee, even where the parole period follows the prison term imposed for the prior conviction. *See, e.g., People v.*

United States District Court

For the Northern District of California

1    *Whitten*, 22 Cal.App.4th 1761, 1767-68 (1994)*; People v. Jerome* 160 Cal.App. 3d 1087,

2    1098-99 (1984).  Thus raising this issue on appeal would have been futile, and counsel's

3    failure to raise the issue both was not deficient performance and did not prejudice

4    petitioner.  Appellate counsel was not ineffective for choosing not to raise the issue.

5        Because petitioner has not shown that his appellate counsel's actions were below an

6    objective standard of competence and has not shown prejudice, he is not entitled to relief

7    on this claim.

8        **C.    Use in Sentencing of Facts Not Determined by a Jury**

9        Petitioner contends that trial counsel was ineffective for failing to object to the

10   judge's relying on a fact that was not found by a jury to impose the upper term sentence,

11   and that appellate counsel was ineffective in not raising this issue on appeal.

12       In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Court held that "[o]ther than the

13   fact of a prior conviction, any fact that increases the penalty for a crime beyond the

14   prescribed statutory maximum must be submitted to a jury, and proved beyond a

15   reasonable doubt." *Id.* at 490.  In *Blakely v. Washington*, 542 U.S. 296 (2004), the Court

16   held that *Apprendi*'s "statutory maximum" meant the maximum sentence a judge could

17   impose based solely on the facts reflected in the jury verdict or admitted by the defendant;

18   that is, the relevant "statutory maximum" is not the sentence the judge could impose after

19   finding additional facts, but rather is the maximum he or she could impose without any

20   additional findings. *Id.* at 303-04.  In *Cunningham v. California*, 549 U.S. 270 (2007), the

21   Court held that California's determinate sentencing law violates the Sixth Amendment to the

22   extent it authorizes the judge, not the jury, to find the facts permitting an upper term

23   sentence. *Id.* at 273.

24       At the time petitioner's conviction became final upon completion of direct review only

25   *Apprendi* had been decided.  *Blakely* announced a new constitutional rule of criminal

26   procedure that does not apply retroactively on habeas review, so it does not apply here.

27   *Schardt v. Payne*, 414 F.3d 1025, 1038 (9th Cir. 2005); *see also Teague v. Lane*, 489 U.S.

28   288, 310 (1989).  *Cunningham* did not announce a new rule and thus applies retroactively

United States District Court
For the Northern District of California

1    on collateral review, but only to convictions that became final on direct review after the

2    decision in *Blakely* on June 24, 2004  – that is, it also does not apply here.  *See Butler v.*

3    *Curry*, 528 F.3d 624, 639 (9th Cir. 2008); *cf. In re Gomez*, 45 Cal. 4th 650, 660 (Cal. 2009)

4    (*Cunningham* applies to any California case in which the judgment was not final at the time

5    the decision in Blakely was issued).

6         The sentencing court used the fact that petitioner was on parole when he failed to

7    register as a sex offender as grounds to impose the upper term sentence.  Ex. B at 233.  In

8    his statement before sentencing petitioner referred to having gone to his parole officer at

9    the time of the offence, a reference which amounts to an admission that he was on parole

10    when he committed it, *id.* at 230, as are his other references to his parole status in the

11    course of his statements, *see id.* at 219-21.  And to whatever extent petitioner's claim may

12    be directed to the sentencing court's enhancements, petitioner also admitted those during

13    his plea.  Ex.  B at 160.

14         *Apprendi* is satisfied if the defendant admits a sentencing fact.  *See Blakely*, 542

15    U.S. at 303-04 ("statutory maximum" for *Apprendi* purposes is the maximum sentence a

16    judge could impose based solely on the facts reflected in the jury verdict or admitted by the

17    defendant).  Because of petitioner's admissions there was no *Apprendi* violation and, under

18    the principles discussed above regarding counsel's failure to raise meritless argument,

19    neither trial counsel nor appellate counsel were ineffective.

20         Alternatively, as the Ninth Circuit has recognized, all the courts of appeals that had

21    considered *Apprendi* before *Blakely* had concluded that it meant what it said – only

22    sentences that exceeded the statutory maximum on the books for the particular crime of

23    which the defendant was convicted were subject to the *Apprendi* requirements.  *See*

24    *Schardt*, 414 F.3d 1015 at 1035.  Given the unanimity of professional opinion at the time,

25    trial counsel's failure to make an *Apprendi* objection to imposition of the upper term, a

26    sentence that clearly was within the statutory maximum, in the sense of the maximum

27    period of incarceration provided for in the statute, could not have been deficient

28    performance.

1    Petitioner's trial and appellate counsel were not ineffective for choosing not to raise

2 the issue.

3                                    **CONCLUSION**

4 For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**.   The clerk

5 shall close the file.

6        **IT IS SO ORDERED.**

7 Dated:  August 26, 2009.        _____

8                                      PHYLLIS J. HAMILTON
                                     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   G:\PRO-SE\PJH\HC.06\LYONS2860.RUL2.wpd

**United States District Court**
For the Northern District of California